Good morning, Your Honors. Rochelle Bird. May it please the Court, on behalf of the plaintiff and the proposed class, I'd like to reserve about five minutes for rebuttal, please. Certainly. The physical examinations at issue in this case are the same examinations that just one year ago this Court in Mann v. County of San Diego found to be unconstitutional, and the Supreme Court denied certification in that case just last week. This Court described those exams as significantly intrusive because children are forced to undress and are inspected by strangers in their most intimate, private areas. This Court stated that the County's continued failure to provide parental notice and obtain consent for the Polinsky medical examinations has harmed families in Southern California for too long. In light of Mann, the County has practically conceded liability, but it wants to avoid compensating its victims by arguing that a class action is inappropriate. However, a class action is the most fair and efficient way of adjudicating this controversy. The District Court denied plaintiff's motion for class certification in November of 2017 on the sole basis that damages determinations would be individual. Well, let me clarify that, counsel, because I am looking at the order issued by Judge Canby and Rawlinson, and it grants permission to appeal only the February 2, 2018, order. So, as I understand it, and if you want to argue against it and correct me if you think I'm wrong, but the scope of the appeal and the scope of what we're talking about today is really the denial of the 23C4 liability only class. Is that not correct? You're correct that the order granting permission to appeal only specified the February 2018 order. That order, however, incorporates by reference a lot of the reasoning and the holdings in the prior order, and because both orders rested on individualized damages determinations that the court felt prevented it from certifying the classes. So, I would also point out that if the court does want to consider both orders, it can do so. You need permission to appeal, and the scope of the permission to appeal is tied specifically to February 2, 2018. It isn't general language, such as we grant permission to appeal the District Court's denying class certification. It specifically sets out the order at issue. So, let's focus on that order and tell me where the District Court so erred in its analysis that we can say it's an abuse of discretion. Yes, Your Honor. So, the February order made errors. The primary one being that individualized damages determinations prevented it from certifying a liability-only class, but damages issues are not material to the issue of whether a liability class should be certified. Well, I mean, I took part of, I took the point of the District Court's order to be saying, you know, if you have individualized damages issues and you have not very much to say on liability, a liability, the certification of a liability-only class is not going to happen. And, I guess my question is, what exactly would there be to do with the liability-only class? Because as you said a moment ago, the county has basically conceded liability, so it doesn't seem like, you know, it would really advance the litigation very much. This situation is very similar to the one found in Augustin v. Jablonski in the Second Circuit said, regardless, the court should have certified a liability class and the court should consider certifying a damages class because the question is not whether it's going to take you longer. It's not an issue of time involvement, whether common issues predominate over individualized ones. It's a question of cohesiveness. And so, the Second Circuit rightly found that the defendant's concession of liability did not factor into the analysis at all. And I would say that here as well, but there are other reasons why a liability class would still advance the litigation in this case. It's basically a superiority analysis and the court's task is to compare a class action versus the other. And that's what the district court did. It's looking at, for purposes of 23C4, whether certifying the liability only class would materially advance resolution of the case such that judicial economy can be achieved. And the district court basically said, plaintiff asserts that the court can devise imaginative solutions including bifurcation, appointing a special master, and it went through and it said each of these options, and paraphrasing, each of these options really isn't satisfying because what you're really doing is you're just deferring individual trials with regard to damages because those issues are so individualized. So, I mean, I get, certainly, different district judges may go different ways on this, but I don't see that that is an error in the analysis such that we can say it's an abuse of discretion. Well, the court did make some errors of law. The primary one being that individualized litigation would be just as efficient because people can use the plaintiff's judgment or maybe the man judgment as res judicata against the county, but it's clear under Mendoza and subsequent authority that you can't use collateral estoppel against a governmental entity. That's one. The second is absent class certification and notice procedures, most of the class members will likely never know that their clearly established constitutional rights were violated. I thought you said that in light of man in particularly, and I was on the man panel, so I'm well aware of the allegations in that case and the fact that the cert was denied last week. I thought you said that liabilities essentially be conceded. So in light of that, the district court's analysis as well, it's not really certifying a liability only class is really not going to help achieve any judicial economy because I'm really looking at damages and how do you plaintiffs propose to really resolve that such that certifying a liability only class is helpful. But it is helpful because binding precedent is different than res judicata. The county will still want to relitigate and try to distinguish man and plaintiffs will still have to take discovery and will still have to go through all of the same procedures. Even though there's binding Ninth Circuit authority that's highly, highly persuasive, it's not res judicata and I think there's a difference there. And even when defendants assert res judicata, it's still not an efficient mechanism for all the reasons we lay out in our briefing. But in terms of a damages analysis, I think the court also failed to recognize that there is a common human dignity damages element here. What is human dignity damages? It's the injury that we all suffer when we have to expose our naked bodies to a stranger. It's that embarrassment or it's what necessarily flows from the injury. It's a common general damage. There would be separate special damages that could be dealt with on an individualized basis, which is what Judge Hurley in the Eastern District of New York did in the Nassau County strip search cases. He tried the human dignity damage on a common basis for the entire class. He took evidence about the nature of the strip searches. He specifically excluded any evidence of the personal impact that the searches had on individual people. He reserved that for a separate litigation. And he ended up awarding $500 per class member for each strip search. And that is the path that we pointed to in this case because they are so similar. That was our damages methodology that we proposed. Let's certify a liability class. Once we get through summary judgment, let's certify a human dignity damages class. Let's have testimony on how these searches were conducted. But isn't that, I mean, once, I mean, I understand that there's, you know, emotional distress that people suffer, but as I think you acknowledge, that varies from person to person. And once we sort of carve out the emotional distress, isn't what's left, which you're calling human dignity, isn't that really just exemplary damages for a constitutional violation, which the Supreme Court in Memphis Community Schools told us we're not supposed to award in a 1983 action? Satura, which I believe is what you're referring to, the Supreme Court case, did not say that presumed damages are not available in Section 1983 cases. What it said was you cannot award damages for the abstract value of a constitutional right. But where you have injury, as here, and as this court found in Hazel, I'm sorry, name is escaping me, in our brief Crowfoot, Hazel v. Crowfoot, I believe, where there is injury, you must compensate. But if we've carved out, you know, the emotional distress, which is a genuine injury that people would suffer, it seems like what's left really is just the abstract value of the constitutional right, and you're just applying the label of human dignity to it. No, in fact, although this circuit has not directly addressed the issue, the district courts have wrestled with this issue, and two district courts in the Central District of California, who had their own strip search cases, did side with the plaintiff here that there is a common human dignity damage that can be presumed from the violation itself, much like this court did in Hazel v. Crowfoot and the Second Circuit did in Kerman. Those were... Separate and apart from emotional distress. Yes. Yes, there are general compensatory damages that necessarily flow from the injury, and then there are special damages above and beyond that that need to be specially pled and proven. Would you say that, I mean, does any Fourth Amendment violation violate human dignity? I mean, if the police conduct a warrantless search of my house and don't damage anything and don't find anything, I mean, does that offend the... Could you attach the label of, you know, the dignity of a homeowner to that and get damages for it? That's a tricky question, but I don't think that that case is like a situation here where a person's body is being touched and exposed. Similarly, sexual assault cases, this court talked about human dignity in Wood v. Beauclair and Schwenk v. Harford. Similarly to child pornography, this court in U.S. v. Wigand acknowledged that a child's human dignity is damaged by the child pornographer. And then strip searches is another common one. So I don't think it's a foreign concept that when a person is forced to expose their body and to be touched by a stranger without, you know, their parents' presence, or when it's a violation of a constitutional right, it causes injury and it's... Like the court in Hazel said, just the fact of the violation is proof of injury. It's in the nature of a presumed damage. Do you want to take some time? Yes, thank you. May it please the court, Thomas Bunton on behalf of the County of San Diego. I want to get right to the first issue of what the court is actually reviewing here. There are two orders, one denying a B-3 class action, one denying a C-4 class action. The court granted permission only to review the second. Moreover, the court doesn't have jurisdiction to review the first because that was not... They did not seek 23-F permission to appeal the first decision within 14 days. They cite to authority that says, well, if you file a motion for consideration and then you appeal the motion for reconsideration, that that might count. But that's not what happened here. In fact, the county argued to the district court, hey, this is just a disguised motion for reconsideration. And they, in opposition to that, when we got to the renewed motion, said, no, it's not. We're not seeking review of the determination of no B-3 class. We're only seeking to certify a C-4 class. And the district court agreed with that and said, that's all they're seeking here. So there was no motion for reconsideration. The court doesn't have jurisdiction to consider the first argument. So just for clarity's sake on that. With respect to the C-4 decision by the district court, the statutory or the language of the rule itself refers to the ample discretion that the district court has under these circumstances. And the language is, when appropriate, an action may be brought or maintained as a class with respect to a particular issue. So obviously, ample discretion, the district court found that it wasn't appropriate here under the circumstances, given the fact that there would be a need for 37,000 full-blown damages trials here under the circumstances. Now, there's been an argument made in the briefs that wasn't really addressed here, that somehow in Valentino. There's a jury demand on those damages? I believe there is a jury demand with respect to those. And the county certainly would have the right to have the damages determined by a jury. In Valentino, there's a suggestion that in Valentino that this court adopted a broad view of class certification. And the question of whether there's a broad or narrow view focuses on whether there's need for common questions to predominate over individual ones, merely in the specific issues that are certified, or whether you need common questions predominate in the entire case itself. Valentino was decided by Judge Schroeder of this court, who also participated in the panel on the Rahman versus Motz decision. And that's the unpublished decision upon which the district court bases its determination that you need to show some methodology of being able to compute damages on a class-wide basis in order to get a C4 liability class certified. Obviously, if Judge Schroeder felt like the unpublished decision somehow went against her opinion in the Valentino case, she would have said so and dissented from it. She did not. The Rahman versus Motz case is perfectly consistent with Valentino. In part, in Valentino, it was reversed. The class certification in that case was reversed because the district court did not discuss whether the adjudication of the certified issues would significantly advance the resolution of the underlying case. Same issue here. Without a common methodology of determining damages other than 37,000 individual damages trial, there's no indication that certifying a liability-only class would materially advance resolution of the case under the circumstances here. So the district court acted well within its discretion in deciding that this just isn't going to materially advance resolution of the entire case. As the court pointed out, Mann is now the law in this circuit. The district courts are bound to follow it. With the issue of non-mutual offensive collateral estoppel, there's still an open question as to whether that applies to local governments as opposed to state governments. In Mann, the court didn't actually resolve the question, just said, here, we choose not to apply it. Just to clarify, is it the county's position that if an individual member of the putative class were to bring an action against you for their individual damages, would you concede liability in that case? I think if it's based on the normal circumstances that were examined in Mann, yes. Obviously, if there's evidence that somehow there was valid consent given or that the person was a ward of the court and therefore the parent's consent was not needed, something they concede they would not be a member of the class under those circumstances. But yes, if it's the normal case, yes. Now let's just talk briefly about this issue of presumed damages or human dignity damages. Again, they may label it as human dignity, but we're still talking about the same thing, which is a plaintiff does not actually have to prove that they suffered an actual injury in fact or damages. We can simply presume that those damages flow from the constitutional violation itself. That is an exception, an extremely narrow exception to the rule laid out by the Supreme Court and which is practiced every day in federal courts and state courts across this country, which is that plaintiffs actually have to prove injury in fact and the damages that flow from that. We get two Supreme Court cases that discuss presumed damages. One the Carey case in 1978, Memphis Community School District case in 1986, and both cases reject the application of presumed damages. And they say under the circumstances, they acknowledge that in right to vote cases and in defamation cases, they've approved this presumed damages theory, but nowhere else. And in the request to apply it to the facts of these two particular cases, one involving a procedural due process rights of children in Carey and in Memphis where a teacher was judged, First Amendment rights were violated as well as due process rights. The court said, nope, no presumed damages available here. You have to prove your damages and we see no particular problem with you being able to prove your damages here. If this caused you emotional distress, you can come in and you can testify to it and that happens. The ability to prove other damages, does that undermine a claim of presumed damages? Yes. The Supreme Court, Your Honors, the court has specifically said the only circumstances in which you can get presumed damages is where they are virtually certain to cause serious injury and the injury is extremely difficult to prove. Well these injuries are proved by every day. What's the effect on the person who received the medical examination? Did they suffer emotional distress? What was the impact to them of it? It commonly occurs every day in courts around the country and the Supreme Court has never outside the context of the right to vote and defamation cases approved of presumed damages. Neither has this court. In Trevino v. Gates, a case that was not cited by our opponents in their brief, the court was specifically asked to approve of presumed damages in the context of a case involving excessive use of force and the appellant argued that the jury should have been instructed on the availability of presumed damages and the court said no it shouldn't. That's not true because in that particular case the jury was properly instructed that they could award damages, economic and non-economic damages that flowed from the unconstitutional conduct in that particular case. This court has never in any case accepted presumed damages. Hazel Croft case that's referred to our opponents is a case where the court granted a new trial basically saying well the jury was mistaken in concluding and not awarding any damages under the circumstances. Do we need to figure this question out as to whether human dignity presumed damages are permissible if we conclude that emotional damages are sufficient to support the district court's analysis that the judicial economy and efficiency wouldn't really be materially advanced by a liability only class? No Your Honor, I don't think you do because they're asking for two forms of damages. One is this presumed damages, the human dignity damages and then certain other class members on top of that are going to have individual trials where they request emotional distress damages. So in and of itself those separate trials are enough to affirm the district court's ruling here that it wouldn't materially advance resolution of the entire action. I would add, however, that the argument that you get presumed damages as the base and on top of that you get emotional distress damages flies directly in the face of the Supreme Court precedent where they say presumed damages does not allow you to be compensated in addition. It's a substitute for compensatory damages. You don't get double recovery here under the circumstances. So if you get presumed damages, according to the Supreme Court, that's all you get. It's a substitute for compensatory damages. It's not an additive to compensatory damages and the Supreme Court has held that directly. We must also add with respect to this argument on human dignity damages and the effort to say this is exactly the same as the strip search cases that while both may be a constitutional violation here, they're not the same. There are benefits that flow from having a medical examination given to you by a pediatrician. There are reasons why parents pay money to doctors to have their kids examined by a pediatrician. It may be a constitutional violation here, but you can't say that it necessarily flows and is the same grade of conduct as a strip search done by prison officials. Parents pay for these things. They can have a benefit because they determine whether or not there's a health condition of the particular child in question. I'm not aware of anyone paying to have a strip search done by a prison official. There's no benefit to the person who's being strip searched of that particular strip search. So they both may be constitutional violations, but to equate the same and to say that two cases are identical merely because the individual may be naked in both cases really is just not true under the circumstances. Both cases may be constitutional violations, but the potential benefit and the harms that flow from each are quite different here. And to equate the two really is not accurate here. Just briefly flowing back to one of the issues that was raised, the question is kind of separate and apart from damages. Will it materially advance resolution of the entire case, even on liability, as the court points out? We've got the Mann decision. It's binding precedent in this circuit. We also have the potential use of collateral estoppel here under the circumstances. So even as to liability, kind of ignoring the damages question, it's not going to materially advance resolution of the entire case. Now, we heard the argument from our opponents that, well, without class certification, these potential plaintiffs aren't going to know that their constitutional rights have been violated and they won't be in a position to bring an action here under the circumstances. Well, that's putting the cart before the horse. So the question is, is whether or not the requirements have been satisfied for a class section under C-4, and that the notice provision would be something that would be done if the plaintiffs have met their burden of justifying a C-4 liability class. I would also note that the Plaintiff's Bar has not been shy in San Diego in publicizing through free media sources their lawsuits on the various Polinsky medical exams and getting some coverage in local newspapers as well. And nothing prevents the plaintiffs from taking out an advertisement asking for folks to contact them if they've been subjected to a Polinsky medical exam. They could do that in print ads. They can do that in television ads. There are other ways in which the word could get out if they chose to do so. And I would also add, this is a case under 1983 where attorney's fees are available to bring these cases. So this isn't a typical case involving a class action where the widget wasn't quite as good as it was supposed to be. And under the laws of the state, you get the difference between what the widget was supposed to be and what the widget actually was. And that's all you get. There is an incentive here for plaintiffs to bring these cases because they're attorney's fees. My time's almost up. I just want to conclude by saying the district court determined that it was not appropriate in this case to certify a class action under C-4. Court had broad discretion in making that decision and the court did not abuse its discretion. Therefore, we ask that the court affirm the ruling of the district court denying to certify a C-4 liability class. Thank you. I think you've got some time left. I just want to emphasize that the district court's denial of class certification of any kind leaves this class without any real remedy. And that is what the class action mechanism was designed for. Cases like this that are meaningful. We're not talking about widgets. We're talking about children who were stripped of their clothes and examined. It leaves the potential plaintiffs without any adequate remedy. Well, Mann wasn't the first case to hold that these exams were unconstitutional. There was Swartwood before that and a couple more before that. That didn't prevent the county from continuing to litigate the constitutionality of these exams. He may stand here today and say, oh, no, we won't use collateral estoppel. But the fact is they're going to use any defense, if they're good lawyers, any defense that they have at their access to defend against these cases. And there is no collateral estoppel against governmental enemies. If they're good lawyers under Rule 11, they won't argue something that's foreclosed to them. But absent res judicata, it's not foreclosed. They can always distinguish, Mann. Well, here we had this consent form or here. But that would, if I understand it, if there is a consent form, that wouldn't be a member of your class anyway. Well, the county has over and over argued that this standard consent form that they were using gave consent and the court in our case and the court in Swartwood and the court in whatever case was before that all held, no, that consent form does not tell people that you're going to examine their children or ask for your consent or tell you that you can be there. And despite those holdings, the county continued to litigate the issue. And that's the point is without this class action, the litigation has the potential of going on and on. But importantly, class members will not know that they have a right to litigate this, and it's going to be difficult to find an attorney willing to take the case for just human dignity alone. The cases that were filed and there were only a handful of them were coupled with more valuable claims like wrongful removal. And so they were worthy of an attorney's time and attention and investment, whereas here in the strip search cases, for example, the verdict was five hundred dollars per search. I mean, that's material to a class member, but it may not be enough for an attorney to invest hours and hours and hours into a litigation. Is a finding by this court that human dignity damage is available? Is that essential to reversal of the decision below? I don't believe so. The Second Circuit in Jablonski reversed and directed the district court to certify a liability only class. And the reasoning in that opinion is very, very analogous to what's happening here. But at the end, it suggested that the court consider certifying a damages class as well. And what happened was the court, Judge Hurley did eventually certify a human dignity damages class. And by the way, the class members in that case were at liberty to bring individual claims for special damages. And we were only able to locate two. So there's not going to be thirty seven thousand jury trials on damages here if we follow the path that we've laid out following after the strip search cases. Thank you. Thank you very much, counsel, to both sides for your argument today. The matter is submitted for decision by this court.
judges: Nguyen, Vitaliano, Miller